**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-00-247 (1) |
| | § | |
| PABLO RUIZ-VASQUEZ, | § | |
| Defendant-Movant. | § | |

**ORDER DENYING MOTION FOR DOWNWARD DEPARTURE**

On February 22, 2008, the Clerk's office received a motion from Defendant Pablo Ruiz-Vasquez ("Ruiz-Vasquez ") titled as a "Motion for Downward Departure Due to Unforeseen Collateral Consequences in Punishment as Alien Not Suffered By Identical United States Citizen," now pending before the Court and addressed herein. (D.E. 24.) In his motion, Ruiz-Vasquez argues that, because of his status as a deportable alien, he is unable to benefit from certain Bureau of Prisons programs, such as placement in a community treatment center, placement in a halfway house, or work release. (D.E. 24 at 2-3.) He claims that his ineligibility for these benefits is an unforeseen collateral consequence of his sentence and renders his sentence more harsh than the same sentence imposed upon a United States citizen. (Id.) Ruiz-Vasquez thus asks that the Court grant him a "two point downward departure" in his offense level. (D.E. 24 at 3.)

**I. BACKGROUND**

Ruiz-Vasquez pleaded guilty to the indictment against him, which charged him with a single count of possession with intent to distribute approximately 8.72 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 12, 13.) He was sentenced by this Court on December 5, 2000 to 120 months in the custody of the Bureau of Prisons, to be followed by a five-year term of

1

supervised release.  (D.E. 21, 22.)  The Court also imposed a $25 fine and a $100 special assessment.

(D.E. 21, 22.)  Judgment was entered against Ruiz-Vasquez on December 7, 2000.  (D.E. 22.) He did

not appeal.

## II.  ANALYSIS

### A.     Characterization of Motion

At the outset, the Court is tasked with determining how to construe Ruiz-Vasquez's motion,

adhering to the principle that *pro se* pleadings are to be construed liberally.  United States v. Riascos,

76 F.3d 93, 94 (5th Cir. 1996).  Although he asks for a "downward departure," Ruiz-Vasquez has

already been sentenced by this Court and his conviction is now final.  Notably, Ruiz-Vasquez is not

challenging his conviction or sentence on the grounds that it was improper, nor does he assert

cognizable grounds for relief under 28 U.S.C. § 2255. Instead, he is asking for a reduction in sentence

based on the fact that the BOP deems him ineligible for a reduction in sentence for participation in a

drug treatment program and ineligible for placement in a halfway house or other programs, because

of his status as a deportable alien. (See D.E. 24.)

Particularly in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375

(2003), the Court declines to construe Ruiz-Vasquez's motion as a § 2255 motion. Cf. Castro, 540 U.S.

at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to

provide adequate notice and warning to the defendant of the consequences of the recharacterzation,

then the motion is not a first petition for purposes of applying to later motions the restrictions on

"second or successive" § 2255 motions). Rather than construing his motion as a § 2255 motion, then,

the Court construes it as a motion to reduce sentence pursuant to 18 U.S.C. § 3582.

**B.      Motion for Reduced Sentence**

Having determined that Ruiz-Vasquez's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds entitling him to relief.  This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

Ruiz-Vasquez fails to assert grounds for modification that fall into any of the categories above. Thus, this Court is without authority to reduce his sentence.

Moreover, Ruiz-Vasquez's substantive claim is without merit for several additional reasons. First, the determination as to whether an inmate is eligible for participation in the BOP's drug treatment program and any resulting reduction in sentence are wholly within the discretion of the BOP.  See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced *by the Bureau of Prisons*, but such reduction may not be more than one year from the term the prisoner must otherwise serve") (emphasis added).  As the Supreme Court has said, § 3621(e)(2)(B) grants the *Bureau of Prisons* the discretion to determine which inmates receive the benefit of early release.  Lopez v. Davis, 531 U.S. 230 (2001).  Thus, it is the BOP's policy that he is actually challenging, not his

sentence.  Similarly, it is the BOP that decides where to place inmates and whether placement in a halfway house is appropriate for any inmate, and the BOP that implements policies governing prison employment.

Second, although Ruiz-Vasquez argues that his circumstances violate the equal protection clause (see D.E. 24 at 3), the BOP's policies on the precise issues of the drug treatment program and community-based placement being unavailable to INS detainees or deportable aliens have withstood similar challenges.  See 28 C.F.R. § 550.58; see, e.g., McLean v. Crabtree, 173 F.3d 1176, 118-85, (9th Cir. 1999) (BOP's rule prohibiting prisoners with INS detainers from receiving sentence reduction under substance abuse treatment statute does not violate due process or equal protection); Bazuaye v. Tombone, 275 F.3d 44, 2001 WL 1223857 (5th Cir. Oct. 5, 2001) (rejecting equal protection claims and due process claims of INS detainee who was ineligible for sentence reduction for drug treatment and ineligible for community-based placement).

Third, even if Ruiz-Vasquez had asked at sentencing for a reduced sentence due to his status as a deportable alien instead of waiting until now, his request would not have been granted.  He was sentenced to the statutory minimum for his offense, and the only way he would have received a lesser sentence would have been through a downward departure.  At the time of his sentencing, the sentencing guidelines provided that a downward departure on the ground that the defendant is a deportable alien, while permissible, would be proper only in the extraordinary case, and such cases were considered "highly infrequent."  See United States v. Garay, 235 F.3d 230, 232-33 & n.8 (5th Cir. 2000); see also United States v. Maldonado, 242 F.3d 1, 4-5 (1st Cir. 2001) ("a deportable alien who commits a crime is still within the 'heartland' of the guidelines"; "the common facts of a long sentence and likely deportation" do not by themselves make a case extraordinary such as to warrant a downward

departure).  Moreover, at the time Ruiz-Vasquez was sentenced, this Court was aware of the BOP policies regarding deportable aliens and took them into consideration when sentencing him.

### III.  CONCLUSION

For the foregoing reasons, Ruiz-Vasquez's motion for downward departure (D.E. 24) is construed as a motion to reduce sentence under 18 U.S.C. § 3582, and is DENIED.


It is so ORDERED this 25th day of February, 2008.


_____
Janis Graham Jack
United States District Judge